# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| MATTHEW HUTCHINSON, | ) | |
| | ) | JURY DEMAND |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO: |
| | ) | |
| GENERAL MOTORS COMPANY, | ) | Judge: |
| | ) | |
| Defendant. | ) | Magistrate Judge: |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I.  NATURE OF THE CASE

1. This is an action brought by Plaintiff, Matthew Hutchinson ("**Hutchinson**"), against Defendant, General Motors Company ("**Defendant**"), for its discriminatory actions towards him based on his race and for retaliation in violation of Title VII of the Civil Rights Act of 1964.

### II.  PARTIES, JURISDICTION & VENUE

2. Jurisdiction is conferred ln this Court over the subject matter of this litigation pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 1343; and 42 U.S.C. § 2000e-5(f)(3).

3. Defendant is an "employer" as that term is defined by 42 U.S.C. § 2000e(b).

4. Hutchinson, at all times relevant hereto, was an "employee" as that term is defined by 42 U.S.C. § 2000e(f).

5. Hutchinson satisfied his obligation to exhaust his administrative remedies having timely filed U.S. Equal Employment Opportunity Commission Charge No. 494-2024-03597 alleging discrimination based on his race and retaliation. Hutchinson received his Notice of Right to Sue and timely files this action.

6. A substantial portion of the facts, events, and transactions giving rise to this lawsuit occurred and caused injury to Hutchinson within the geographic environs of the Middled District of Tennessee. As such, venue is proper for this Court.

### III. FACTUAL ALLEGATIONS

7. Hutchinson, and African American male, began his employment with Defendant on or about February 2012.

8. In August 2020, supervisor for Defendant Carissa Tarrance ("**Tarrance**"), a Caucasian female, made sexual advances toward Hutchinson. Hutchinson rejected Tarrance. In retaliation Tarrance threatened to make Hutchinson's life, "a living hell."

9. Around September 2021, Hutchinson, acting as Team Lead for Team 12, repeatedly asked Defendant for additional manpower. Defendant did not provide the requested manpower. Only Team 12 and 13 were denied manpower. Both Team 12, Hutchinson's Team, and Team 13 had African American team leads. The Defendant employee who denied Hutchinson's requests was Carissa Tarrance.

10. On or about February 18, 2022, Hutchinson was demoted from Team Lead to Team Member. Only the two African American team leads on third shift, leg four, in powertrain CSS assembly were demoted.

11. On or about May 12, 2022, Hutchinson was asked to sign incorrect paperwork by Defendant supervisor Vincent Awender ("**Awender**"). Hutchinson asked for time to review the paperwork but Awender stated she did not have time to wait on Hutchinson.

12. Hutchinson was subsequently sent home from work. Defendant employee Anthony Brady stated that he wanted to send Hutchinson home because he wanted to "teach him a lesson."

13. Hutchinson filed a union grievance and was eventually reinstated to his former position and given full back-pay.

14. In December of 2022, Hutchinson was suspended after a disciplinary meeting with Defendant's Human Resources employee Dan Bates ("**Bates**"), a Caucasian. Bates accused Hutchinson of bullying behavior.

15. Bates was subsequently terminated for using racial slurs and falsifying documentation.

16. Hutchinson was asked to return to work on January 6, 2023.

17. Hutchinson was subjected to racial harassment by his coworker, Jason Hogan ("**Hogan**"). Hogan called Hutchinson a, "bitch ass nigger." Hutchinson reported the comments to Defendant, but no action was taken.

18. On January 17, 2023, Hutchinson was terminated for allegedly using the same racial slur Hogan used against Hutchinson.

19. Hutchinson was discharged based on his race and/or retaliated against for engaging in protected activity.

## IV. CAUSES OF ACTION

### Count I. Title VII Race Discrimination Claim

20. Hutchinson hereby incorporates by reference paragraphs one (1) through nineteen (19) of his complaint.

21. Hutchinson was demoted and discharged based on his race.

22. Defendant's actions are in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq.*

23. Defendant's actions were willful, intentional, and done with reckless disregard for Hutchinson's civil rights.

24. Hutchinson has suffered injury because of Defendant's unlawful actions.

## **Count II. Title VII Retaliation Claim**

25. Hutchinson hereby incorporates by reference paragraphs one (1) through twenty-four (24) of his complaint.

26. Hutchinson was demoted and discharged in retaliation for engaging in a protected activity.

27. Defendant's actions are in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 200e *et. seq*.

28. Defendant's actions were willful, intentional, and done with reckless disregard for Hutchinson's civil rights.

29. Hutchinson has suffered injury because of Defendant's unlawful actions.

## **REQUESTED RELIEF**

WHEREFORE, Plaintiff, Matthew Hutchinson, by counsel, respectfully requests that this Court find for Plaintiff and:

1. Permanently enjoin Defendant from engaging in any employment policy or practice which discriminates against any employee on the basis of his/her gender or race or retaliation for engaging in protected activity;

2. Reinstate Plaintiff to his former position with corresponding seniority, shift, pay, and benefits, or award front pay in lieu thereof;

3. Order that Plaintiff be awarded lost wages, including fringe benefits, lost holiday and overtime, with related monetary benefits and interest thereon, absent Defendant's unlawful acts;

4. Award Plaintiff compensatory damages, consequential damages, emotional distress damages, lost wages and benefits, and medical expenses in an amount sufficient to compensate Plaintiff for the damages caused by Defendant's wrongful actions;

5. Award Plaintiff his attorney's fees, litigation expenses, and costs incurred as a result of this action;

6. Award the Plaintiff pre- and post-judgment interest on all sums recoverable; and

7. Grant all relief available under the statute(s) for which this action is brought and any other relief as may be just and proper.

Respectfully submitted,
*/s/B. Davis Barnhill*
B. Davis Barnhill, Attorney No. 038672
BIESECKER DUTKANYCH & MACER, LLC
3200 West End Avenue, Suite 500
Nashville, Tennessee 37203
Telephone: (615) 783-2171
Facsimile: (812) 424-1005
E-Mail: d.barnhill@bdlegal.com

*Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

The Plaintiff, Malinda Jones, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

Respectfully submitted,
*/s/B. Davis Barnhill*
B. Davis Barnhill, Attorney No. 038672
BIESECKER DUTKANYCH & MACER, LLC
3200 West End Avenue, Suite 500
Nashville, Tennessee 37203
Telephone: (615) 783-2171
Facsimile: (812) 424-1005
E-Mail: d.barnhill@bdlegal.com

*Attorneys for Plaintiff*