# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | |
|---|---|
| MATTHEW HUTCHINSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 1:24-cv-00091 |
| v. ) | |
| ) | JUDGE CAMPBELL |
| GENERAL MOTORS, LLC, ) | MAGISTRATE JUDGE HOLMES |
| ) | |
| Defendant. ) | |

## MEMORANDUM

Pending before the Court is Defendant General Motors, LLC's ("Defendant") Motion to Dismiss Second Amended Complaint (Doc. No. 25). Plaintiff Matthew Hutchinson ("Plaintiff") filed a response in opposition (Doc. No. 28), and Defendant filed a reply (Doc. No. 29). For the reasons below, the motion will be **GRANTED**.

## I. FACTUAL BACKGROUND

Plaintiff began his employment with Defendant on or about February 2012. (Doc. No. 24 ¶ 7). Plaintiff alleges that in August 2020, one of Defendant's supervisors made sexual advances toward Plaintiff, which Plaintiff rejected. (*Id.* ¶ 8). Plaintiff alleges that the same supervisor threatened to make his life "a living hell" and subsequently denied Plaintiff's request for additional assistance. (*Id.* ¶ 9). Plaintiff alleges that only his team and another team, of which both had African American team leads, were denied requests for additional assistance. (*Id.*)

On or about February 18, 2022, Plaintiff was demoted from Team Lead to Team Member, and the only other African-American team lead on "third shift, leg four, in powertrain CSS assembly" was also demoted. (*Id.* ¶ 10).

On or about May 12, 2022, Plaintiff was asked to sign incorrect paperwork by a supervisor and asked for additional time to review the paperwork. (*Id.* ¶ 11). Plaintiff's request was denied,

and Plaintiff was sent home from work. (*Id.* ¶ 12). Another employee informed Plaintiff that he wanted to send him home to "teach him a lesson." (*Id.*). Plaintiff filed a union grievance and was reinstated to his former position and given full back-pay. (*Id.* ¶ 13).

In December 2022, Plaintiff was suspended by Defendant's Human Resources employee Dan Bates for allegedly bullying behavior. (*Id.* ¶ 14). Bates was later terminated for using racial slurs and falsifying documentation, and Plaintiff was asked to return to work on January 6, 2023. (*Id.* ¶¶ 15-16). Plaintiff alleges that he was subjected to racial harassment by a coworker and called a racial slur. (*Id.* ¶ 17). Plaintiff reported the comments to Defendant, but no action was taken. (*Id.*). On January 17, 2023, Plaintiff was terminated for allegedly using the same racial slur that had been used against him. (*Id.* ¶ 18).

In November 2023, Plaintiff was informed by two employees and members of Plaintiff's union that Defendant had reinstated employees who had been terminated for a variety of reasons. (*Id.* ¶ 21). Plaintiff alleges that he was the only employee who was not reinstated or rehired due to his race and in retaliation for engaging in a protected activity. (*Id.* ¶¶ 22, 23).

Plaintiff brings claims against Defendant for race discrimination and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII") based on Defendant's failure to reinstate/rehire Plaintiff. Defendant moved to dismiss Plaintiff's claims under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a complaint for failure to state a claim upon which relief can be granted. For purposes of a motion to dismiss, a court must accept as true all of the factual allegations in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).[1]

---

[1] The Court notes that Plaintiff relies on pre-*Iqbal* cases in his response.

To survive a motion to dismiss, a complaint must contain sufficient factual allegations to state a claim for relief that is plausible on its face. *Id.* at 678. A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* In reviewing a motion to dismiss, the Court construes the complaint in the light most favorable to the plaintiff, accepts its allegations as true, and draws all reasonable inferences in favor of the plaintiff. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Thus, dismissal is appropriate only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Guzman v. U.S. Dep't of Children's Servs.*, 679 F.3d 425, 429 (6th Cir. 2012).

Moreover, "the familiar burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973)… is inapplicable on a Rule 12(b)(6) motion to dismiss" because "*McDonnell Douglas* 'is an evidentiary standard, not a pleading requirement.'" *Holland v. LG Elecs. U.S.A., Inc.*, No. 3:20-CV-00706, 2021 WL 130529, at *2 (M.D. Tenn. Jan. 14, 2021) (internal citations omitted). Accordingly, at the motion to dismiss stage, a plaintiff is not required to plead all the elements in a *prima facie* case under *McDonnell Douglas*. *Jodry v. Fire Door Sols., LLC*, No. 3:20-CV-00243, 2020 WL 7769924, at *3 (M.D. Tenn. Dec. 30, 2020) ("since this is a Motion to Dismiss, and not a motion for summary judgment, Plaintiff is not required to carry a burden of presenting evidence establishing a *prima facie* case under *McDonnell Douglas*.").

### III.  ANALYSIS

**A. Discrimination Claim**

For a failure-to-hire claim, a plaintiff must plead facts showing: (1) the applicant belongs to a protected class; (2) the applicant applied and was qualified for a job; and (3) the defendant rejected the applicant in favor of someone not in the protected class. *Nelson v. Memphis-Shelby*

3

*Cnty. Schools*, No. 2:23-CV-02771-SHL-CGC, 2024 WL 4276067, at *3 (W.D. Tenn. Sept. 24, 2024).

The Sixth Circuit has recognized that "in limited circumstances a plaintiff may maintain a failure-to-hire claim under Title VII without having formally applied for the position" including "an environment created by the employer in which prospective applicants understand that a formal application would be futile because discrimination is so entrenched or pervasive" and "the situation where the employer has a practice of hiring without asking for applications or posting the opening." *Davis v. Solis*, No. 3:09-00223, 2011 WL 831562, at *4 (M.D. Tenn. Mar. 3, 2011) (internal citations omitted). In the second circumstance, "a plaintiff must show that he would have applied for the position had he been aware of it." *Id*.

Defendant argues that Plaintiff failed to plead facts that he applied for an open position after he was terminated or that he was qualified for such a position. Defendant also argues that Plaintiff failed to plead facts indicating that an exception to the application requirement applies. Moreover, Defendant contends that Plaintiff fails to allege facts suggesting that Defendant sought a similarly-situated candidate that was not in his protected class.

In response, Plaintiff does not argue that the first exception to the application requirement regarding a history of "gross and pervasive discrimination" applies. Instead, Plaintiff argues that during his employment with Defendant, at least two instances occurred where he was terminated and subsequently reinstated back to his original position without having to go through a reapplication process or use another method, such as filing a grievance seeking reinstatement, to be considered for rehire. Plaintiff also argues that he filed a grievance seeking reinstatement in November 2023. Plaintiff contends that he was the only employee not rehired "under the 2023 contract out of a collection of other similarly situated individuals" and that "[e]ven if the other

4

individuals are not considered similarly situated…[Plaintiff] has demonstrated that he was evidently treated differently (not reinstated) than many other previously terminated employees (who were reinstated) due to his race and his prior complaints of racial harassment." (Doc. No. 28 at 5).

The Second Amended Complaint alleges that Plaintiff was sent home from work in May 2022 after being asked to sign incorrect paperwork, that Plaintiff was suspended in December 2022 for alleged bullying behavior, and that Plaintiff was asked to return to work on January 6, 2023. (Doc. No. 24 ¶¶ 11-13). However, the Second Amended Complaint does not contain allegations regarding whether Plaintiff reapplied for his position after his suspension in December 2022 or whether he was "reinstated back to his original position without having to go through a reapplication process or use another method, such as filing a grievance seeking reinstatement, to be considered for rehire" as Plaintiff contends in his response. (*Id.*). Nor does the Second Amended Complaint allege that Plaintiff would have applied for the position had he been aware of it.

Moreover, the Second Amended Complaint expressly states that Plaintiff filed a grievance related to being sent home in May 2022 and was eventually reinstated to his former position and given full back-pay. (*Id.* ¶ 13). With respect to Plaintiff's argument in his response that he filed a grievance seeking reinstatement in November 2023, Plaintiff failed to plead any such allegations in the Second Amended Complaint. The Court will not consider allegations made for the first time in Plaintiff's response.[2] *Bates v. Green Farms Condo. Assn.*, 958 F.3d 470, 483 (6th Cir. 2020) (internal citations omitted) ("If plaintiffs believe that they need to supplement their complaint with

---

[2] Plaintiff's response also seeks to inject documents other than the Second Amended Complaint into the record (Doc. No. 28-1), which the Court will not consider. *Warter v. Vol. Taxi Inc.*, No. 3-14-1981, 2016 WL 1244712, at *1 (M.D. Tenn. Mar. 30, 2016) ("Matters outside of the pleadings are not to be considered by a court in ruling on a motion to dismiss unless they are referred to in the plaintiff's complaint and central to her claim or are public documents of which the court may take judicial notice.").

additional facts to withstand a motion for judgment on the pleadings (or a motion to dismiss), they have a readily available tool: a motion to amend the complaint under Rule 15…Plaintiffs cannot, by contrast, amend their complaint in an opposition brief or ask the court to consider new allegations (or evidence) not contained in the complaint.").

The allegations in the Second Amended Complaint fail to allege that Plaintiff applied for reinstatement following his termination in January 2023 or that a pattern of termination and reinstatement existed between the parties such that Plaintiff was not expected to reapply for his position.

Moreover, the Second Amended Complaint fails to allege facts suggesting that Defendant sought similarly-situated candidates that were not in Plaintiff's protected class, or that any reinstated employees were similarly situated to Plaintiff. While Plaintiff is not required to plead a prima facie Title VII case at this stage, Plaintiff must set forth a plausible claim for relief. Plaintiff has failed to allege any facts in the Second Amended Complaint regarding whether he reapplied for his position following his termination, which position(s) he reapplied to, or whether he was qualified for the position. *Smith v. Univ. of Tenn.*, No. 218CV02803JTFJAY, 2019 WL 5095794, at *3 (W.D. Tenn. June 20, 2019), *report and recommendation adopted*, No. 218CV02803JTFJAY, 2019 WL 4734681 (W.D. Tenn. Sept. 27, 2019) ("Plaintiff fails to assert in his Complaint that he applied for or sought a faculty appointment after his indictment was dismissed. Ordinarily, a plaintiff bringing a failure-to-rehire claim must establish that he applied for the position… because Plaintiff fails to allege in his Complaint any facts surrounding the alleged denial of his employment since his charges were dismissed, Plaintiff has not stated a failure to rehire claim.").

6

Accordingly, the Court finds that, even viewing the allegations in the Second Amended Complaint as true as it must at this stage, Plaintiff has not set forth a plausible claim for relief by pleading only that Defendant failed to reinstate/rehire Plaintiff based on his race.

**B. Retaliation Claim**

To establish a prima facie claim for retaliation, Plaintiff must show that: (1) he engaged in protected activity; (2) the defendant was aware of the protected activity; (3) the defendant took an action that was materially adverse to the plaintiff; and (4) there is a causal connection between the protected activity and the defendant's adverse action. *Jackson v. Genesee Cnty. Rd. Comm'n*, 999 F.3d 333, 343-44 (6th Cir. 2021).

Defendant argues that Plaintiff fails to allege facts that Defendant knew about Plaintiff's protected activity, that Plaintiff suffered an adverse employment action, or causation. It appears that Defendant concedes that Plaintiff participated in a protected activity by filing an EEOC Charge.

In response, Plaintiff argues that he complained internally about discrimination in January 2023 and subsequently filed an EEOC Charge. Plaintiff contends that Defendant was aware of Plaintiff's internal complaint and received notice of the EEOC Charge. Plaintiff also contends that his termination was an adverse employment action and that Defendant's failure to reinstate him also constituted an adverse action. Plaintiff argues that the causation element is met because none of the employees that were reinstated had filed an EEOC Charge or made internal complaints of race discrimination and Plaintiff was terminated on January 17, 2023, shortly after filing his internal complaint.

In its reply, Defendant argues that Plaintiff's internal discrimination complaint and termination fall outside the 300-day lookback period regarding his EEOC Charge. Specifically,

Defendant argues that Plaintiff's operative EEOC Charge was submitted on July 15, 2024, and thus it must encompass only events occurring on or after September 19, 2023, and Plaintiff's retaliation claim fails to demonstrate temporal proximity for events that occurred in January 2023.

The Court finds that the Second Amended Complaint sufficiently alleges that Defendant was aware of Plaintiff's internal complaint. (Doc. No. 24 ¶ 17). Moreover, Defendant's knowledge of both of Plaintiff's EEOC charges is likely imputed. However, as noted above, the Second Amended Complaint does not contain any facts that Plaintiff reapplied for a position at Defendant after his termination or that an exception to the application requirement applies. Accordingly, the allegations in the Second Amended Complaint fail to establish that Defendant's failure to rehire Plaintiff constituted a materially adverse action against Plaintiff or that such action was due to Plaintiff's protected activity. *Vaughn v. Louisville Water Co.*, 302 Fed. Appx. 337, 348 (6th Cir. 2008) ("Not receiving a promotion for which one did not apply would not dissuade a reasonable worker from engaging in protected conduct, and accordingly does not constitute a materially adverse action."); *Gamble v. Greater Cleveland Reg'l Transit Auth.*, No. 1:17CV389, 2018 U.S. Dist. LEXIS 72809, *8-9 (N.D. Ohio Apr. 30, 2018) (internal citation omitted) ("Failure to rehire can be considered an adverse employment action… However, Plaintiff has not brought forth any evidence which establishes Defendant failed to rehire him. Specifically, there is no evidence Plaintiff ever applied for a part-time bus operator position in February 2016."); *McCartt v. Kellogg USA, Inc.*, 139 F. Supp. 3d 843, 856 (E.D. Ky. 2015) ("a plaintiff alleging that his failure to be rehired is retaliatory must demonstrate that he actually applied for the position or that his circumstances fit within an exception.").[3]

---

[3] As stated above, the Court considers only the allegations in the Second Amended Complaint. Accordingly, the Court will not consider Plaintiff's argument in his response that he filed a grievance against Defendant in November 2023 demanding to be reinstated and paid all lost wages as Plaintiff failed to allege this in the Second Amended Complaint.

Moreover, while Plaintiff argues in his response that Defendant also retaliated against him by terminating him on January 17, 2023 after he complained internally, the Second Amended Complaint appears to allege a retaliation claim based solely on Defendant's "fail[ure] to reinstate/rehire Hutchinson in retaliation for engaging in a protected activity," which occurred after Plaintiff was terminated and after Plaintiff had filed his first EEOC Charge on June 21, 2023. (Doc. No. 24 ¶ 30).

Construing the facts in the Second Amended Complaint in the light most favorable to Plaintiff, Plaintiff has not set forth a plausible retaliation claim regarding Defendant's failure to rehire Plaintiff.[4]

## IV. CONCLUSION

For the reasons stated, Defendant's Motion to Dismiss the Second Amended Complaint (Doc. No. 25) is **GRANTED**.

An appropriate Order will enter.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE

---

[4] Due to the Court's findings, the Court need not address the parties' arguments regarding whether Plaintiff's retaliation claim is barred under the 300-day lookback period.